UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

FILED

MAR 1 4 2008

Mar 14, 2008

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

TALMON HEGWOOD, JR.,

        Plaintiff,

—versus—

CAROL MILLS, ET AL.,

        Defendants.

CIVIL ACTION

No. 07C7099

Honorable DAVID H. COAR

---

MOTION TO VACATE JUDGMENT OR IN THE ALTERNATIVE REQUEST FOR LEAVE TO APPEAL
IN FORMA PAUPERIS

---

NOW INTO COURT comes Talmon Hegwood, Jr., (Hegwood) proceeding pro se and in forma pauperia, pursuant to Fed.R.Civ.P., 60 et seq., and respectfully moves the Court to vacate the judgment entered in the above styled cause on February 27, 2008, which granted Hegwood's request for leave to proceed in forma pauperis with the filing of this case, albeit entered an order, in the same breath which dismissed the complaint based on the Court's clearly erroneous conclusion that Hegwood's complaint which numbers more than twentyeight (28) pages, copy of which is annexed hereto and incorporated herein as Exhibit A. The grounds for this motion are as follows:

I

On or about 18 December 2007, Hegwood submitted a handwritten pro se civil rights complaint to the Clerk of the Court along with a request for leave to procees ín forma pauperis. After a long sleep, and Hegwood had heard nothing from the Court, he sent a letter to the Clerk dated 29 January 2008, copy of

which is annexed hereto and incorporated herein as Exhibit B.  There is no question but that Hegwood hand printed lawsuit, which should be heald to less stringent standards than the formal pleading drafted by an attorney, stated claims upon which relief can be granted.  See Neitzke v. Williams, 490 U.S. 319 (1989); Hishon v. King & Spaulding, 467 U.S. 69 (1984); Guterrez v. Peters, 111 F. 3d 1364 (7th Cir. 1997); Bennett v. Schmidt, 153 F. 3rd 516 (7th Cir. 1998).

## II

Contrary to the position of this Honorable Court, the pro se plaintiff did not challenge his state court criminal conviction.  Hegwood's complaint stated that he was intentionally held beyond his lawful release date.  Such a contention most definitely states a claim upon which relief can and should be granted particularly in light of the fact that the law regasrding the issue was clearly estabilished.  See Alexander v. Perrill, 916 F. 2d 1392 (9th Cir. 1990); Tony-El v. Franzen, 777 F. 2d 1224 (7th Cir. 1985); Haygood v. Younger, 769 F. 2d 1350 (9th cir. 1985); Sample v. Diecks, 885 F. 2d 1099 (3rd Cir. 1989); and oûr Court's decision handed down when the Honorable Ann Clair Williams was a Federal District Court Judge in Campbell v. Illinois Department of Corrections, 907 F. Supp. 1173 (N.D. Ill. 1995).  Nearly every cvase raising an issue regarding prolonged detention has been decided in the prisoner's favor.  If ours is not, it would be a first.

## III

Judicial haste in the long run makes waste has been said by a Seventh Circuit Court of Appeals judge.  Annexed hereto and incorporated herein as Exhibits C,D and E are copies of "VERIFICATION OF INCARCERATION" which were provided to Hegwood subsequent to filing Detainee Grievances and writing letters. A review of same reveals that Hegwood has been awarded the time that he averred he was entitled to.  Suffice to say, Hegwood has been sûccessful and there is no need for him to pursue any other remedies as such would hot produce any better

result. No court is going to compute Hegwood's time as that is not the function of the Court. See Tony-El, supra, Lundable v. Franzen, 631 F. Supp. 214 (N.D.Ill. 1986). See also, Heck v. Humphrey, 512 U.S. 477 (1994), where the Court pointed out that administrative remedies that are available qualify to satisfy the Rule announced by the Supreme Court in Heck, supra.

WHEREFORE, Hegwood respectfully prays for the relief to which he is entitled. Should the Court neglect to recognized that Hegwood's complaint states a valid and meritorious claim; Hegwood request leave to proceed on appeal in forma pauperis.

Respectfully submitted,

TALMON HEGWOOD, JR., pro se
#20080010492 Div. 9
Post Office box 089002
Chicago, Illinois 60608

-3-



# UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF ILLINOIS
### 219 SOUTH DEARBORN STREET
### CHICAGO, ILLINOIS 60604

**MICHAEL W. DOBBINS**
CLERK

**PRISONER CORRESPONDENCE**
312-435-5794

December 18, 2007

Talmon Hegwood, Jr
#2007-0081098
P.O. Box 089002
Chicago, IL 60608

Dear Mr. Hegwood:

We hereby inform you that your petition for leave to file and proceed in forma pauperis in the cause entitled:

**TALMON HEGWOOD, JR. -vs- CAROL MILLS, etc., et al.**

has been assigned case number: **07C 7099**

and to: **JUDGE COAR**

who will rule on your petition.                    **MAGISTRATE JUDGE MASON**
is the designated magistrate for your case.

Please indicate your assigned case number on all future documents/correspondence submitted to this court regarding the above case. **Furthermore, you must keep the court informed (in writing) of your current address throughout the pendency of your case.** Failure to do so may result in dismissal of your case for want of prosecution.

In the future, if you wish to receive acknowledgment of filing(s), you must submit an <u>original</u> document, a <u>copy for the judge</u> and **<u>one additional copy</u>** of each document to this court. The additional copy will be returned to you stamped "Received". The exception to this rule is when an amended petition/complaint is submitted. When submitting an amended petition/complaint, you must also submit service copies. We hope this information will assist you in the future.
Sincerely,

Prisoner Correspondent

Exhibit A
Complaint 31 Pages

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

TALMON HEGWOOD, JR.

_____

_____

(Enter above the full name
of the plaintiff or plaintiffs in
this action)

vs.

STATEVILLE CORRECTIONAL
CENTER, CAROL MILLS,
TAYLORVILLE CORRECTIONAL
CENTER, SUSAN SUGGS, GREG
SIMS, ROGER E WALKER,
A. FAULKNER, T. BRADLEY,
TWO UNKNOWN CHICAGO
POLICE OFFICERS, CITY OF
CHICAGO, JODE WEISS,
BENNETT HEGWOOD and
CELESTINE HEGWOOD

(Enter above the full name of ALL
defendants in this action.  Do not
use "et al.")

Case No: _____
(To be  supplied  by  the  Clerk  of this  Court)

**CHECK ONE ONLY:**

_____ ✓     **COMPLAINT UNDER THE CIVIL RIGHTS ACT, TITLE 42 SECTION 1983**
           **U.S. Code** (state, county, or municipal defendants)

_____     **COMPLAINT UNDER THE CONSTITUTION ("BIVENS" ACTION), TITLE**
           **28 SECTION 1331 U.S. Code** (federal defendants)

_____     **OTHER** (cite statute, if known)

*BEFORE FILLING OUT THIS COMPLAINT, PLEASE REFER TO "INSTRUCTIONS FOR*
*FILING."  FOLLOW THESE INSTRUCTIONS CAREFULLY.*

I.   **Plaintiff(s):**

    A.   Name: Talmon Hegwood, Jr.

    B.   List all aliases:

    C.   Prisoner identification number: CCDOC 2007 0081098

    D.   Place of present confinement: Cook County Jail

    E.   Address: 2700 South California Chicago, IL 60608

(If there is more than one plaintiff, then each plaintiff must list his or her name, aliases, I.D. number, place of confinement, and current address according to the above format on a separate sheet of paper.)

II.   **Defendant(s):**
(In **A** below, place the full name of the first defendant in the first blank, his or her official position in the second blank, and his or her place of employment in the third blank. Space for two additional defendants is provided in **B** and **C**.)

    A.   Defendant: Carol Mills

        Title: Records Office Supervisor

        Place of Employment: Stateville Correctional Center

    B.   Defendant: Susan Suggs

        Title: Records Office Supervisor

        Place of Employment: Taylorville Correctional Center

    C.   Defendant: Greg Sims

        Title: Warden

        Place of Employment: Taylorville Correctional Center

(If you have more than three defendants, then all additional defendants must be listed according to the above format on a separate sheet of paper.)

Defendant T. Bradley
Title Parole Agent
Place of Employment Chicago

2

Revised 9/2007

Continued On Attached Page (A)

I.    **Plaintiff(s):**

    A.    Name: _____

    B.    List all aliases: _____

    C.    Prisoner identification number: _____

    D.    Place of present confinement: _____

    E.    Address: _____

(If there is more than one plaintiff, then each plaintiff must list his or her name, aliases, I.D. number, place of confinement, and current address according to the above format on a separate sheet of paper.)

II.    **Defendant(s):**
(In **A** below, place the full name of the first defendant in the first blank, his or her official position in the second blank, and his or her place of employment in the third blank. Space for two additional defendants is provided in **B** and **C**.)

    A.    Defendant: Rodger E. Walker

        Title: Director Illinois Dept. of Corrections

        Place of Employment: Chicago / Springfield, Illinois

    B.    Defendant: Bennett Hegwood / Celeste Hegwood

        Title: _____

        Place of Employment: Chicago, Illinois

    C.    Defendant: Two Un Known Chicago Police Officers /

        Title: Jode Weiss, Superintendent Chicago

        Place of Employment: Police - Chicago, Illinois

(If you have more than three defendants, then all additional defendants must be listed according to the above format on a separate sheet of paper.)

Agent A. Faulkner
Parole Agent
Chicago, Illinois

2

Revised 9/2007

Attached Page (A)

III.   List ALL lawsuits you (and your co-plaintiffs, if any) have filed in any state or federal court in the United States:

A.   Name of case and docket number: Talmon Hegwood -v- Charles Leach, et al.

B.   Approximate date of filing lawsuit: June, 2004

C.   List all plaintiffs (if you had co-plaintiffs), including any aliases: N/A

D.   List all defendants: Charles Leach, Richard Doroniuk, Mamoud Shamah, John Chavez, City of Chicago West Surburban Hospital, Jill Stevens.

E.   Court in which the lawsuit was filed (if federal court, name the district; if state court, name the county): U.S. District Court Northern Illinois

F.   Name of judge to whom case was assigned: Honorable John W. Darrah

G.   Basic claim made: False Arrest Excessive Use of Force

H.   Disposition of this case (for example: Was the case dismissed? Was it appealed? Is it still pending?): The parties agreed to settle the matter with the Court's approval and with the understanding this action would follow

I.   Approximate date of disposition: June, 2007

IF YOU HAVE FILED MORE THAN ONE LAWSUIT, THEN YOU MUST DESCRIBE THE ADDITIONAL LAWSUITS ON ANOTHER PIECE OF PAPER, USING THIS SAME FORMAT. REGARDLESS OF HOW MANY CASES YOU HAVE PREVIOUSLY FILED, YOU WILL NOT BE EXCUSED FROM FILLING OUT THIS SECTION COMPLETELY, AND FAILURE TO DO SO MAY RESULT IN DISMISSAL OF YOUR CASE. CO-PLAINTIFFS MUST ALSO LIST ALL CASES THEY HAVE FILED.

Revised 9/2007

Please Go To Attached Page (B)

**III.**    **List ALL lawsuits you (and your co-plaintiffs, if any) have filed in any state or federal court in the United States:**

A.    Name of case and docket number: _Hegwood -v- City of Chicago et al_

B.    Approximate date of filing lawsuit: _August, 1991_

C.    List all plaintiffs (if you had co-plaintiffs), including any aliases: _N/A_

D.    List all defendants: _Two Chicago Police Officers_

E.    Court in which the lawsuit was filed (if federal court, name the district; if state court, name the county): _U.S. Dist Court Northern Illinois_

F.    Name of judge to whom case was assigned: _Honorable George M. Marovich_

G.    Basic claim made: _excessive use of force False Arrest_

H.    Disposition of this case (for example: Was the case dismissed? Was it appealed? Is it still pending?): _Subsequent to the commencement of trial the parties negociated and agreed to settle the matter before jury submission_

I.    Approximate date of disposition: _1993_

**IF YOU HAVE FILED MORE THAN ONE LAWSUIT, THEN YOU MUST DESCRIBE THE ADDITIONAL LAWSUITS ON ANOTHER PIECE OF PAPER, USING THIS SAME FORMAT. REGARDLESS OF HOW MANY CASES YOU HAVE PREVIOUSLY FILED, YOU WILL NOT BE EXCUSED FROM FILLING OUT THIS SECTION COMPLETELY, AND FAILURE TO DO SO MAY RESULT IN DISMISSAL OF YOUR CASE. CO-PLAINTIFFS MUST ALSO LIST ALL CASES THEY HAVE FILED.**

Revised 9/2007

Attached Page (B)

III.    **List ALL lawsuits you (and your co-plaintiffs, if any) have filed in any state or federal court in the United States:**

A.    Name of case and docket number: Heqwood v Rodgers, etal

B.    Approximate date of filing lawsuit: September, 1991

C.    List all plaintiffs (if you had co-plaintiffs), including any aliases: _____
Larry Rodgers

D.    List all defendants: The files relating to the cause are in the Federal archives. As soon as plaintiff regains freedom of movement the information shall be provided.

E.    Court in which the lawsuit was filed (if federal court, name the district; if state court, name the county): U.S. District Court Northern Illinois

F.    Name of judge to whom case was assigned: Honorables Wayne R. Andersen, James B. Moran and David H. Coar

G.    Basic claim made: Injury and Bivens-Type action challenging Federal parole board decision and length of incarceration.

H.    Disposition of this case (for example: Was the case dismissed? Was it appealed? Is it still pending?): The case survived three (3) summary judgment motions while prosecuted pro se. After retaining counsel case was dismissed

I.    Approximate date of disposition: May, 1998

**IF YOU HAVE FILED MORE THAN ONE LAWSUIT, THEN YOU MUST DESCRIBE THE ADDITIONAL LAWSUITS ON ANOTHER PIECE OF PAPER, USING THIS SAME FORMAT. REGARDLESS OF HOW MANY CASES YOU HAVE PREVIOUSLY FILED, YOU WILL NOT BE EXCUSED FROM FILLING OUT THIS SECTION COMPLETELY, AND FAILURE TO DO SO MAY RESULT IN DISMISSAL OF YOUR CASE. CO-PLAINTIFFS MUST ALSO LIST ALL CASES THEY HAVE FILED.**

Revised 9/2007

**IV.    Statement of Claim:**

State here as briefly as possible the facts of your case. Describe how each defendant is involved, including names, dates, and places. **Do not give any legal arguments or cite any cases or statutes.** If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. (Use as much space as you need. Attach extra sheets if necessary.)

1. This is a civil rights action brought by Talmon Hegwood, hereinafter Hegwood, against State-ville Correctional Center, hereinafter (SCC), Carol Mills individually, hereinafter (Mills), Susan Suggs, hereinafter (Suggs) Gregg Sims hereinafter (Sims) individually both Suggs and Sims, Taylorville Correctional Center hereinafter (TCC), Roger E. Walker, Jr., hereinafter (Walker), individually, A. Faulk-ner (Faulkner) individually, Two (2) Unknown Chicago Police Officers, hereinafter (CP) individually. Bennett Hegwood hereinafter (Bennett) individually, Celeste Hegwood here-inafter (Celeste) individually and Jody Weis, (Weis) individually (and as successor in office to Phil Cline) averring that defendants conspired with others named and unnamed, to violate his clearly established rights

4

privileges and immunities secured by the laws and constitution of the United States, kept him imprisoned beyond his legal release date and significantly restrained his freedom of movement in direct contravention of the Eighth and Fourteenth Amendments' due process and equal protection clauses. The pro se plaintiff also avers that defendants attempted to interfere with a cause of action pending before this Court, Hegwood-v-Leach, et al., attempted to obstruct justice, committed fraud, battery and subjected Hegwood to cruel and unusual punishment. The complaint avers that there was and is a meeting of the minds between the defendants to accompolish an unconstitutional and illegal objective. The complaint avers that Hegwood has been, and is being, injured in mind, body, soul and business all to his damage to which the defendants are liable to him in the amount of $7,000,000,

5

Revised 9/2007

Please Go To Attached Page One (1)

with interest from the date Hegwood was released from the TCC, in compensatory relief, and $3,000,000, in punitive damages. Hegwood also aver that he is entitled to a temporary restraining order and permanent injunction as-well-as declaratory relief declaring the practice of seizing an American citizen and transporting him or her to a mental health facility in the clear absence of probable cause or any criminal charge unconstitutional and any state statute which allows such practice invalid.

2. On May 19, 2005 Hegwood was sentenced by the Circuit Court of Cook County (CC) to a period of imprisonment in the custody of the Illinois Department of Corrections (IDOC) for six (6) years. The CC implicitly as-well-as explicitly specified in its Order of sentencing that Hegwood was to receive credit "for all time actually served in connection with a retail theft charge for which Hegwood was arrested and prosecuted in October, 2003. The CC case number relating to the sentence is 03CR23243

Attached Page (1)
Please Go To Attached Page Two (2)

3. Hegwood's six (6) year sentence was the result of allegedly violating a period of probation imposed by CC Judge Dennis Porter on November 17, 2003. The alleged probation violation was based on Hegwood's false arrest and detention for allegedly possessing a five (5) dollar ($5.00) bag of cocaine. Two (2) Chicago Police Officers and a chemist appeared in the Circuit Court and testified at Hegwood's probation violation hearings. No probation officer was called to testify at the probation violation hearings. The two (2) Chicago Police Officers essentionally testified that Hegwood possessed a $5.00 bag of cocaine on December 3, 2003.

4. Hegwood's probation violation hearing was conducted by Judge Kathleen Pantlee; because the judge who imposed the probation sentence conditioned upon Hegwood participating in the TASC Program, was preoccupied in the interludes of a trial he conducted. Because the Assistant State's Attorney Michael Crowe (Crowe) represented to CC Judge Dennis Porter that the State elect to proceed with the probation violation case instead of the drug case; Judge Porter elected

Attached Page (2)
Please Go To Attached Page Three (3)

not to transfer the drug case to a different judge.

5. Crowe recognized that the two (2) Chicago Police who arrested Hegwood on December 3, 2003, had, in fact, testified falsely. Crowe also recognized that the State would be unable to convict Hegwood of possession of drugs beyond a reasonable doubt; because Judge Porter was not inclined or obliged to tolerate any sculdugery or foolishness in his Courtroom on the part of any litigant, Black, White, rich or poor, State or defendant. On May 26, 2005 Crowe requested that the CC enter an Order of nolle prosequi in relation to the false drug charge the two (2) police officers brought against Hegwood. Nonetheless, Hegwood was transported to Stateville Correctional Center (SCC) the following day.

6. Defendant Carol Mills (Mills) and/or her successor in office, SCC staff, Susan Suggs (Suggs) Greg Sims (Sims), Taylorville Correctional Center (TCC) staff, Rodger E. Walker, (Walker) and others known and unknown to Hegwood conspired and intentionally and deliberately caused Hegwood to be subjected to prolonged imprisonment. The CC case number assigned to the false drug charge is 04CR7169.

Attached Page (3)

Please Go To Attached Page (4)

7. The conspiracy to subject Hegwood to prolonged imprisonment in direct violation of his clearly estabilished rights, privileges and immunities secured by the laws and constitution of the United States was initiated at the SCC.

8. Defendants, whose responsibility it was had Knowledge of Hegwood's problem and thus of the risk that he was being subject- ed to the intentional and deliberate infliction of cruel and unusual punishment and total denial of due process and equal protection of the Fifth, Eighth and Fourteenth Amendments to the laws and constitution of the United States. Hegwood prepared a committed person's grievance and submitted same to SCC staff. Hegwood submitted his grievance after realizing that his verbal complaints were being ignored. Duplicate copies of Hegwood's written complaints were also made available to the Director of the FBI and the United States Attorney General which is Hegwood's

Attached Page (4)

Please Go To Attached Page (5)

routine procedure. Hegwood repeatedly complained to the United States Attorney General and the FBI about the unconstitutional and deliberate conduct of the defendants. (Annexed hereto as Exhibit A is a facsimile of Hegwood's 21 November 2007, correspondence addressed to the Attorney General wherein Hegwood has requested that "copies of documents" relevant to the facts elaborated herein above and below be returned to Hegwood.)

9. Defendants Mills, SCC, Suggs, TCC, Sims Walker and IDOC conspired to subject Hegwood to prolonged detention and imprisonment by intentionally and deliberately failing to investigate Hegwood's meritorious claims made verbally, and in writing, on numerous occasions in violation of Hegwood's clearly established rights, privileges and immunities secured by the laws and constitution of the United States. Defendants willfuly failed to contact the CC. Defendants wilfully failed to contact the State Attorney General; and submit the

Attached Page. (5)

Please Go To Attached Page. (6)

problem regarding the error in Hegwood's sentence computation to the CC or Attorney General.

10. When a CC judge mistakenly award a prisoner too much credit towards the service of a legal sentence; IDOC routinely contact the CC, Attorney General of Illinois, Sheriff State's Attorney and others and urge the respective agencies to either correct the perceived error or appeal.

11. The Attorney General of the United States and the ~~FBI~~ knew of the error relating to Hegwood's time in custody; because like defendants named hereinabove Hegwood provided the aforenamed agencies with proof positive in the form of self authenticating and certified documents. Nevertheless defendants intentionally and deliberately failed to investigate or follow routine procedures. Defendants manifested a deliberate and callous indifference towards Hegwood. Defendant's conduct was retaliatory and motivated by class prejudice.

Attached Page (6)

Please Go To Attached Page (7)

An invidious discriminatory class based animus motivated defendant's unconstitutional conduct and; defendants are liable to Hegwood in the amount of $5,000. per day for each day Hegwood was intentionally and deliberately imprisoned beyond his release date.

12. Defendants Walker, Sims, Suggs and IDOC were cognizant Hegwood had filed grievances and a civil rights action against IDOC officials and; defendants named above attempted to interfere with the efficient administration of justice in violation of Federal criminal statutes. Defendants attempted to assist Chicago police officers and others escape civil liability.

13. Defendants Mills, Suggs, Sims and others known and unknown to Hegwood attempted to assist Chicago police officers to escape civil and criminal liability by interfering with litigation pending before Federal District Court Judge Honorable John W. Darrah. Two (2)

Attached Page (7)

Please Go To Attached Page (8)

of the Chicago Police Officers named in the case pending before Honorable John W. Darrah, Hegwood v. Leach, et al. were indicted by a Federal grand jury (sitting in the Northern District of Illinois)

14. The two (2) Chicago Police Officers who were indicted appeared at Hegwood's probation hearing and testified falsely. They were named as defendants in Hegwood v. Leach, et al.

15. A settlement agreement between the parties was reached and; it was approved by the Court. The settlement agreement specified that Hegwood, by accepting the settlement is not foreclosed from bringing suit against Stateville Correctional Center, Taylorville Correctional staff and/or IDOC officials as a result of intentional prolonged detention and deliberate indifference.

16. The grievance Hegwood filed with the IDOC staff and officials and Hegwood's appeal stated that he was complaining about the conduct of SCC and TCC staff who conspired to hold Hegwood in IDOC custody past his legal release date and; the grievance was lengthy numbering in excess of fifly (50) pages including documentary proof that

Attached Page (8)

Please Go To Attached Page (9)

Hegwood had been confined from October 8, 2003, thru November 19, 2003 at the Cook County Jail (CCJ) in connection with the shoplifting case. Hegwood was released to the TASC Program. On December 3, 2003, Hegwood was arrested and falsely charged with possession of drugs and the Court Docket styled "certification of conviction/disposition" relating to the retail theft charge indicates that the CC was aware that Hegwood was in custody. A violation of probation petition was filed and Hegwood remained in custody at the CCJ in connection with the shoplifting charge from December 3, 2003 thru May 27, 2005. On May 27, 2005 Hegwood was transported by the Sheriff to the custody of IDOC officials at SCC who were responsible for initially computing Hegwood's time in custody in connection with the shoplifting charge for which Hegwood was sentenced to six (6) years on May 19, 2005.

17. Hegwood was awarded six (6) months of meritorious good time by defendant Walker because he faithfully obeyed all institutional Rules and was never punished pursuant to due process of law.

Attached Page (9)

Please Go To Attached Page (10)

SCC provided Hegwood with a sentencing calculation sheet revealing that pursuant to Illinois Legislative law Hegwood would only be required to serve one half ($1/2$) of the period of imprisonment imposed by the CC in connection with the shoplifting charge. Hegwood thus was only required to serve thirty (30) months. Hegwood served more than thirty eight (38) months in spite of the fact that he persistently and consistently brought his problem to the attention of SCC staff, TCC staff, IDOC officials, CCJ staff, United States Attorney General, United States Attorney, Honorable Patrick Fitzgerald, Congress Jessie Jackson, Jr., Chicago Sun Times, Chicago Tribune, Chicago Daily Defender, CBS 60 Minutes and others.

18. During the period Hegwood was subjected to cruel and unusual punishment at TCC more than seven prisoners expired at TCC and; each prisoner's death was reported to the Attorney General and the FBI by Hegwood. At least six prisoners expired at TCC between November, 2005 thru July, 2006. Hegwood was not released from IDOC custody until February 28, 2007.

Attached Page (10)

Please Go To Attached Page (11)

19. Defendant SCC staff, known and unknown to Hegwood, conspired with Crowe and others to intentionally harm Hegwood by failing to afford Hegwood the same rights, privileges and immunities allotted to other IDOC prisoners and criminal defendants.

20. On or about May 27, 2005, Hegwood was approached by a White American SCC records office technician who asked Hegwood: "who is Talmon Hegwood" to which Hegwood responded: "I am." The SCC records office technician asked Hegwood: "why did you sign the sheet as James Grooms?" Hegwood replied: "Because that's the name I was booked under. It's not my name and I made a motion before Honorable Dennis Porter to have my correct name placed on all Court documents," however, Crowe "the State's attorney objected and the judge denied the motion." The technician stated: "You should have been charged with "obstruction of justice" for giving a ficticious name. We are going to punish you for that." Hegwood was ordered to: "Go sit down." Hegwood complied. The technician left and returned with another blank form and instructed all prisoners to sign same with their correct names and IDOC numbers. Hegwood was advised: "You're going to regret

Attached Page (11)

Please Go To Attached Page (12)

giving a false name, Hegwood believed that he would receive a disciplinary report. Instead SCC staff prepared documents which caused Hegwood to be held in custody and on parole for more than eight (8) months past his release date in direct contravention of rights secured to Hegwood by the Fifth, Eighth and Fourteenth Amendments to the laws and constitution of the United States. Under Illinois law a criminal defendants' correct name must be appear on any and all Court documents that relate to litigation. Crowe and SCC staff knew or should have known that their conduct, action and inaction would cause Hegwood serious harm.

21. A special relationship existed between Hegwood and SCC, TCC and IDOC officials, A special relationship also existed between Hegwood, A. Faulkner and T. Bradley the latter two whom are state parole agents. Defendants, all of whom are being sued in their individual capacities breached their duty by intentionally, deliberately and negligently conspiring to subject Hegwood to unconstitutional prolonged detention and a substantially significant restraint on his liberty.

Attached Page (12)

Please Go To Attached Page (13)

22. Instead of performing their duty owed to Hegwood defendants conspired with others, consistently harassed Hegwood and attempted to set Hegwood up and cover-up the conspiracy aimed at punishing Hegwood in the clear absence of due process of law. The conspiracy on the part of IDOC officials and SCC and TCC staff was motivated by racial prejudice and; thus a class based invidious discriminatory animus.

23. Hegwood is an African American male adult citizen of the United States who resides in the Northern District of Illinois where the conspiracy was initially conceived.

24. The defendants are all White American male and female adult citizens of the United States with the exception of Walker, and the two (2) parole agents.

25. Hegwood complained to the Director of the FBI, Honorable Robert Mueller and Attorney General of the United States, Honorable Roberto Gonzalez about the expiration of seven (7) prisoners African American and White American whose mysterious deaths occurred at TCC during

Attached Page (13)

Please Go To Attached Page (14)

the interim between November, 2005 and July, 2006. Hegwood provided the Federal officials with documentary evidence which proved his claim. The FBI instructed Hegwood to pursue his administrative remedy appeal rights. The Chicago office of the FBI sent Hegwood's complaints to the Springfield Division. Hegwood sent the Special Agent in-charge of the Springfield Division the names of the seven (7) prisoners who expired within the short period of time specified hereinabove and documents which provided proof positive that Hegwood was being intentionally held beyond his release date. The FBI was aware that Hegwood had been held at the Cook County Jail from December 4, 2003 thru May 27, 2005. The plaintiff sent the Director of the FBI correspondence that was verified by a notary public and dated December 10, 2003 from the CCJ.

26. SCC, TCC and IDOC attempted to cover-up the fact that Hegwood exercised his constitutional right to file grievances with SCC, TCC and IDOC officials. The aforenamed defendants also attempted to manipulate the administrative remedy procedure by intentionally neglecting to assign a number to Hegwood's

Attached Page (14)


Please Go To Attached Page (15)

grievance concerning prolonged detention.

27. The State Court's order of sentencing specifically, implicitly as-well-as explicitly directed SCC, TCC and IDOC officials to credit Hegwood with all time he actually served towards the six (6) year sentence imposed by the CC. A specified number of days on the CC's order does not relieve SCC, TCC, IDOC or the parole agents of their obligation to correctly compute Hegwood's time in custody.

28. The defendants SCC, Mills (or her successor in office) Suggs, Sims, TCC, and Walker had a duty to investigate Hegwood's claim that his time in custody had been miscomputed and that he was being subjected to prolonged detention.

29. It is not the responsibility of the CC or any judge state or Federal to compute an inmate's or prisoner's time in custody. If any judge order a prisoner or criminal defendant to die by lethal injection, electric chair or gillotine; the judge is not the executioner nor charged with the responsibility of seeing that a sentencing order is carried out.

30. During the period Hegwood was subjected to prolonged detention his father, Talmon Hegwood, Sr. expired and defendants Bennett Hegwood (BH) and Celeste Hegwood (CH)

Attached Page 15

Please Go To Attached Page (16)

conspired inter se together and with others known and un-
known to deprive Hegwood of his inheritance.

31. During the period Hegwood was subjected to prolonged
detention BH and CH conspired and used the name of
Hegwood to establish credit accounts with "ComEd" and
others unknown to Hegwood. Hegwood did not give BH
or CH his approval to use his name to open any line
of credit or otherwise. In fact, Hegwood was confined
when CH had electric turned on in and at a property
located at 5125 South Damen in the city of Chicago.
BH and CH committed fraud and used the United
States mails to carry out their skeem and conspiracy
which has caused Hegwood substantial personal
prejudice and significant injury all to Hegwood's
damage in the amount of two (2) million dollars $2,000
000 with interest from the date Hegwood's name was used
fraudulently and without Hegwood's approval.

32. In an effort to cover up their skeem BH and
CH conspired and paid two (2) chicago police officers to
accost, batter, seize and arrest Hegwood in the clear
absence of any iota of a reasonable suspicion that
Hegwood had or was about to commit a criminal
offense. After Hegwood was illegally searched and
detained by the two (2) unknown chicago police officers
(2 CPOs) Hegwood was placed in a marked police vehicle.

Attached Page (16)

Please Go To Attached Page (17)

33. In late May, 2007, after the 2CPOs who arrested Hegwood in the clear absence of probable cause learned that Hegwood was the individual who was named in the Chicago SunTimes news article circulated in the October 26, 2006, edition styled "Feds nab 2 cops in sting" the 2CPOs telephoned someone. Hegwood was unable to hear all of the conversation. He did hear one of the police officers tell the other that: "We are not taking him to the district. We're taking him to Mount Sinai Hospital. They'll meet us there." When Hegwood and the 2CPOs arrived at Mount Sanai Hospital (MSH), Hegwood was taken to a room where he was interviewed by a health care worker. Hegwood was told if he did not provide a blood sample and submit to mental treatment he would be put in body restraint and forced to submit. Hegwood asked: "what is going on?" The health care worker responded: "They signed this petition committing you" pointing at BH and CH." Hegwood turned and observed BH and CH and stated: "Get out of my sight." The health care worker ordered BH and CH to leave.

34. Hegwood explained the situation to the health care worker and permitted him to read the October 26, 2006 news article referred to hereinabove and copies of correspondence from the Attorney General and FBI to Hegwood. The health care worker stated: "there does

Attached Page (17)

Please Go To Attached Page (18)

appear to be something going on. But this petition has been signed and you're in our custody. It's in your best interest to cooperate. If you don't they are going to strap you down. Hegwood agreed to submit to the blood testing providing the health care worker give him a copy of the petition executed under the penalty of perjury by BH and CH. The health care worker left the room and Hegwood heard him instruct the 2 CPOs to: "take the handcuffs off him please." When the health care worker returned he handed Hegwood a copy of the petition and queried: "okay?" Hegwood reviewed the petition and discovered that BH and CH had committed perjury by falsely claiming that they had no financial interest in committing Hegwood and; that no litigation was pending. The health care worker handed Hegwood a document to sign which had the affect of volunteering to be committed. Hegwood advised the health care worker: "I can't sign that. I refuse to sign anything. I agreed to a blood test, nothing else. The health care worker nodded, sat down and took blood specimens from Hegwood. Thereafter, Hegwood was involuntarily committed to the mental health unit at Mount Sanai Hospital where he remained over the memorial day weekend. The men-

Attached Page (18)

Please Go To Attached Page (19)

-tal health workers realized that Hegwood was not suf-fering any mental disorder and repeatedly attempted to persuade Hegwood to execute a document stating his commitment to Mount Sanai Hospital's mental health facility was voluntarily. Hegwood was threatened that if he continued to refuse to sign documents he would be taken to court. However, after reviewing documents Hegwood had in his possession which included news paper articles and a letter from Hegwood's attorney regarding an offer of settlement; the psychiatrists concluded that BH and CH and the 2CPOs had lied. BH and CH did, in fact, have an "ill founded and sinister motive" for executing the petition which caused Hegwood to be confined. One of the psychiatrist contacted BH and CH. telephonically, and after speaking with them informed Hegwood: " Your brother and sister are wierd."

35. The 2CPOs who willingly and maliciously conspired with BH. CH and others are liable to Hegwood for damages, both compensatory and punitive. The 2CPOs acted in concert and participation with BH, CH and others. BH was a Chicago Police Officer for more than fifteen (15) years and continue to display a badge, and carry firearms.

Attached Page (19)

Please Go To Attached Page (20)

36. The 2 CPOs who conspired with BH and CH are culpable for violating Hegwood's clearly estabilished constitutional rights and; they along with defendant Jody Weiss (as successor to Phil Kline the former Chicago Police Superintendent) are liable to Hegwood as a result of the following acts or ommisions at the time and place in question

(a) Conspiring and arresting Hegwood in the clear absence of a reasonable suspicion Hegwood had or was about to commit a criminal offense;

(b) Conspiring to accost, batter and arrest Hegwood prior to the time Hegwood's neighbors, Mr. + Mrs. Hardges telephoned the Chicago Police "911" at Hegwood behest BH and CH feared that Hegwood's stepmother Barbara Hegwood's daughter who is a Chicago Police Officer would arrive at the scene. She knew how ruthless BH and CH were.

(c) Conspiring to coverup the false arrest of Hegwood by intentionally and deliberately neglecting to follow routine procedure relating to the arrest of Hegwood and executing arrest reports and other documentation

Attached Page (20)

Please Go To Attached Page (21)[5]

Revised 9/2007

IV.    **Statement of Claim:**

State here as briefly as possible the facts of your case. Describe how each defendant is involved, including names, dates, and places. **Do not give any legal arguments or cite any cases or statutes.** If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. (Use as much space as you need. Attach extra sheets if necessary.)

(d) Intentionally failing to take Hegwood before a Magistrate or other Judicial Officer within 48 hours after he was arrested without a warrant in direct contravention of Hegwood clearly estabilished Constitutional rights;

(e) Intentionally failing to follow routine procedure relating to Hegwood's right to counsel, Miranda warnings and refusing to allow Hegwood to contact the FBI or the Attorney appointed by Federal District Court Judge, Honorable John W. Darrah.

37. Defendant Jode Weiss (Weiss) as successor in office failed to prevent wholesale corruption by a significantly large segment of the Chicago Police Department and has manifested gross incompetence insofar as implementing a policy and plan aimed at the disolution of the practice, custom and usage of racial profiling. Weiss has also failed to raise the intelligence and educational standards for Chicago Police Officers to a level that would attract men and women with integrity.

Attached Page (21)

Revised 9/2007

Please go to attached page (22)

38. Todd Weiss as successor in office to Phil Kline manifested gross incompetence with regard to an affirmative plan and policy to prevent Chicago police from using race as a basis for stopping American citizens. The racial profiling in the City of Chicago has escalated to the extent that Public Officials such as State Representative James Meeks and United States Congressman, Danny Davis are victims and have voiced complaints.

39. Two unknown Chicago police officers, BH, CH and others conspired and attempted to defraud Hegwood by having him placed in a position which would render it difficult, if not impossible, to prosecute the civil action Hegwood v. Leach, et al. The defendants also conspired to separate Hegwood from legal documents needed to prove his claims in the cause at hand. On one occasion BH while armed approached Hegwood in the parking lot of the Marquette Bank and attempted to accost Hegwood. Hegwood was able to get the attention of two (2) bank guards. During the altercation Hegwood lost a large sum of money which was a portion of the monies Hegwood recieved pursuant to the settlement agreement approved by the Court. Revised 9/2007

Attached Page (22)



**Illinois**
Department of
**Corrections**

Rod R. Blagojevich
Governor

Roger E. Walker Jr.
Director

Chatham Parole Office / 8007 South Cottage Grove Ave., / Chicago, IL 60619 / Telephone: (773) 602-4484 / TDD: (800) 526-0844

## <u>ALL Parolees who are currently in COOK COUNTY JAIL</u>

Parolee- Taimon Hegwood, # N81140

While you are being held at COOK COUNTY JAIL I will be your new assigned agent. I will be keeping up with your court dates, discharge dates etc. If/ when you are released from CCJ for any reason you are to do the following:

1. CALL AND CHECK IN (800) 666-6744.
2. LEAVE ME A MESSAGE TELLING ME WHY YOU WERE RELEASED (ex. *Charges dropped/ dismissed, House Arrest-EM*).
3. CHANGE YOUR ADDRESS FROM COOK COUNTY JAIL TO THE ADDRESS WHERE YOU WILL BE LIVING (*EVEN IF IT IS THE ADDRESS YOU ARE GIVING TO ME*).
4. THE DAY YOU GET RELEASED IS THE DAY THAT YOU ARE DO #'s 1, 2, & 3. REMAIN AT YOUR HOST SITE UNTIL YOUR AGENT MAKES CONTACT WITH YOU, JUST LIKE YOU WERE RELEASED FROM PRISON, WITHIN THREE (3) *DAYS*.

**Communication with your agent is a vital part of your parole.**
**Communication is important; we need accurate information so we can assist you in successful completion of your parole.**

Agent Faulkner



**Illinois**
Department of
**Corrections**

**Rod R. Blagojevich**
Governor

**Roger E. Walker Jr.**
Director

Chatham Parole Office / 8007 South Cottage Grove Ave., / Chicago, IL 60619 / Telephone: (773) 602-4484 / TDD: (800) 526-0844

## <u>ALL Parolees who are currently in COOK COUNTY JAIL</u>

**Parolee-** _Talmud Negwood_ , # _____

　　　While you are being held at COOK COUNTY JAIL I will be your new assigned agent. I will be keeping up with your court dates, discharge dates etc. If/ when you are released from CCJ for any reason you are to do the following:

1. CALL AND CHECK IN (800) 666-6744.
2. LEAVE ME A MESSAGE TELLING ME WHY YOU WERE RELEASED (*ex. Charges dropped/ dismissed, House Arrest-EM*).
3. CHANGE YOUR ADDRESS FROM COOK COUNTY JAIL TO THE ADDRESS WHERE YOU WILL BE LIVING (*EVEN IF IT IS THE ADDRESS YOU ARE GIVING TO ME*).
4. THE DAY YOU GET RELEASED IS THE DAY THAT YOU ARE DO #'s 1, 2, & 3. REMAIN AT YOUR HOST SITE UNTIL YOUR AGENT MAKES CONTACT WITH YOU, JUST LIKE YOU WERE RELEASED FROM PRISON, WITHIN FIVE (5) *DAYS.*

**\*\*<u>Communication with your agent is a vital part of your parole.</u>**
**\*\*<u>Communication is important; we need accurate information so we</u>**
**<u>can assist you in successful completion of your parole.</u>**

*CHARGED W/* _2 Retail Theft_
*BOND* _No_
*COURT DATE* _1-11-8_

　　　　　　　　*AGENT A. NORTON*

29 January 2008

Honorable Michael Dobbins
Clerk
United States District Court
219 South dearborn street
Chicago, IL 60604

RE: Hegwood -v- Mills, et al
Honorable David H. Coar

Dear Clerk:

This writer has written to the Court of two prior
occasions requesting to be provided with information rela-
ting to the status of the abose referenced cause. If the
Court has entered any orders please make a copy of same
available to the pro se plaintiff. If the Court has not
entered any order in the matter; I would respectfully
request that the clerk of the Court isssue process, as
soon as is practicsble pursuant to the applicable provision
of the Fed.R.Civ.P. (which provided that if the Court
does not rule on an IFP affidavit within thirty (30) day of
the filing of the lawsuit the Clerk <u>shall issue</u> process.
Am I correct or has the Rule been rescinded?

Also, please inform this writer of the cost for
providing me with a certified copy of my lawsuit along
with a precipe.

A timely response to this letter would be considered
a great courtesy.

Yours very truly,

Talmon Hegwood, jr.
#20080000766 Division 5 IBU6
Post Office box 089002
Chicago, Illinois 60608

cc: w/encl

Honorable Robert Mueller
Honorable Patrick Fitzgerald
Honorable Michael Chertoff
Attorney General of the United States
Honorable Marcus Salone

Exhibit B



**Thomas J. Dart**
**Sheriff**

**Salvador A. Godinez**
**Executive Director**

## Cook County Department of Corrections
### RECORDS OFFICE
2700 S. California
Chicago, Illinois 60608
TX:   (773) 869-6810
FAX: (773) 869-7292

## VERIFICATION OF INCARCERATION

CCDOC Number:  _2003-0091216_          Date:  _01-10-08_

Regarding:  _Grooms, James_          Date of Birth:  _02-25-49_

Social Security Number: _____

**To whom it may concern:**
Pursuant to your request, the following information is submitted:

Date entered the Cook County Department of Corrections:  _12-04-03_

Date released:  _05-27-05_          How released:  _NOLE_

Case/Indictment# _03CR2324301_ Case/Indictment# _04CR0076901_

Charge(s):  _Retail Theft_ Charge(s):  _Possession of Cannabis_

Disposition:  _Sentenced to IDOC_ Disposition:  _Charge Dropped_

Disposition Date:  _05-26-05_ Disposition Date:  _05-26-05_

Form completed by _____

_Exhibit C_



Thomas J. Dart
Sheriff

Salvador A. Godinez
Executive Director

## Cook County Department of Corrections
### RECORDS OFFICE
2700 S. California
Chicago, Illinois 60608
TX:  (773) 869-6810
FAX: (773) 869-7292

## VERIFICATION OF INCARCERATION

CCDOC Number: _2003-0075032_    Date: _1-23-2008_

Regarding: _Hedgewood, Talmon_    Date of Birth: _3-14-1948_

Social Security Number: _XXX-XX-XXXV_

**To whom it may concern:**
Pursuant to your request, the following information is submitted:

Date entered the Cook County Department of Corrections: _10-06-2003_

Date released: _11-19-2003_    How released: _Delivered to TASC_

Case/Indictment# _03-190437_    Case/Indictment# _03-CR2324301_

Charge(s): _Retail theft_    Charge(s): _Retail theft_

Disposition: _SEXP_    Disposition: _TASC_

Disposition Date: _10-09-03_    Disposition Date: _11-19-2003_

Form completed by: _____

Exhibit D



## Cook County Department of Corrections
### RECORDS OFFICE
**2700 S. California**
**Chicago, Illinois 60608**
**TX:  (773) 869-6810**
**FAX: (773) 869-7292**

# VERIFICATION OF INCARCERATION

CCDOC Number: _200300912/216_          Date: _2-28-2008_

Regarding: _Sorum 3, James_          Date of Birth: _02-25-1949_

Social Security Number: _____

**To whom it may concern:**
Pursuant to your request, the following information is submitted:

Date entered the Cook County Department of Corrections: _12-04-203_

Date released: _05-27-05_          How released: _NOLE_

Case/Indictment# _03CR2324301_      Case/Indictment# _04CR0076901_

Charge(s): _Retail Theft_          Charge(s): _Possession of Cannabis_

Disposition: _Sentenced to IDOC_    Disposition: _Charged Dropped_

Disposition Date: _05-26-2005_      Disposition Date: _052605_

Form completed by: _Wen thospron_

Exhibit E