UNITED SSTATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

FILED
APR - 4 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

TALMON HEGWOOD, JR., )  ( 
  )  ( 
  Plaintiff, )  ( CIVIL ACTION
  )  ( 
-versus- )  ( No. 07 C7099
  )  ( 
CAROL MILLS, ET AL., )  ( Honorable DAVID H. COAR
  )  ( 
  Defendants. )  ( 

## NOTICE OF APPEAL

SIR/MADAM:

PLEASE TAKE NOTICE that TALMON HEGWOOD, JR., (Hegwood) the pro se plaintiff herein, hereby appeal to the United States Court of Appeals for the Seventh Circuit from the "STATEMENT" and the "JUDGMENT IN A CIVIL CASE" entered by the United States District Court for the Northern District of Illinois on 27 February, 2008 which dismissed Hegwood's civil rights complaint pursuant to 28 U.S.C. § 1915A.

Respectfully submitted,

/s/ Talmon Hegwood
TALMON HEGWOOD, JR. pro se
#20080010492 Division 8
Cook County Jail
2700 South California Avenue
Chicago, Illinois 60608

Chicago, Illinois, this the 25th day March 2008

SUBSCRIBED AND SWORN TO before me, this the 25 day of March 2008.

"OFFICIAL SEAL"
TERESA D. JONES
Notary Public, State of Illinois
My Commission Expires November 5, 2011

# SEVENTH CIRCUIT COURT OF APPEALS INFORMATION SHEET

Include the names of all plaintiffs (petitioners) and defendants (respondents) who are parties to the appeal. Use a separate sheet if needed.

NORTHERN DISTRICT OF ILLINOIS EASTERN DIVISION DOCKET NUMBER: 07cv7099

| PLAINTIFF (Petitioner) | v. | DEFENDANT (Respondent) |
|---|---|---|
| Talmon Hegwood, Jr. (Appellant) | | Carol Mills, et al (Appellees) |

(Use separate sheet for additional counsel)

| PETITIONER'S COUNSEL | | RESPONDENT'S COUNSEL | |
|---|---|---|---|
| Name | Talmon Hegwood, Jr. | Name | N/A |
| Firm | PRO SE  ##2008-0010492 | Firm | |
| Address | Cook County Jail P.O. Box 089002 Chicago, IL 60608 | Address | |
| Phone | n/a | Phone | |

| Other Information | | | |
|---|---|---|---|
| District Judge | Coar | Date Filed in District Court | 2/27/08 |
| Court Reporter | T. McCullough (ext 5570) | Date of Judgment | 2/28/08 |
| Nature of Suit Code | 555 | Date of Notice of Appeal | 4/4/08 |

COUNSEL:    Appointed [ ]    Retained [ ]    Pro Se [X]

FEE STATUS:    Paid [ ]    Due [ ]    IFP [X]

    IFP Pending [ ]    U.S. [ ]    Waived [ ]

Has Docketing Statement been filed with the District Court Clerk's Office?    Yes [ ]    No [X]

If State/Federal Habeas Corpus (28 USC 2254/28 USC 2255), was Certificate of Appealability:

Granted [ ]    Denied [ ]    Pending [ ]

If Certificate of Appealability was granted or denied, date of order: _____

If defendant is in federal custody, please provide U.S. Marshall number (USM#): _____

**IMPORTANT: THIS FORM IS TO ACCOMPANY THE SHORT RECORD SENT TO THE CLERK OF THE U.S. COURT OF APPEALS PURSUANT TO CIRCUIT RULE 3(A).   Rev 04/01**

Additional Counsel

| PETITIONER'S COUNSEL | |
|---|---|
| Name | |
| Firm | |
| Address | |
| Phone | |

| RESPONDENT'S COUNSEL | |
|---|---|
| Name | |
| Firm | |
| Address | |
| Phone | |

| PETITIONER'S COUNSEL | |
|---|---|
| Name | |
| Firm | |
| Address | |
| Phone | |

| RESPONDENT'S COUNSEL | |
|---|---|
| Name | |
| Firm | |
| Address | |
| Phone | |

| PETITIONER'S COUNSEL | |
|---|---|
| Name | |
| Firm | |
| Address | |
| Phone | |

| RESPONDENT'S COUNSEL | |
|---|---|
| Name | |
| Firm | |
| Address | |
| Phone | |

| PETITIONER'S COUNSEL | |
|---|---|
| Name | |
| Firm | |
| Address | |
| Phone | |

| RESPONDENT'S COUNSEL | |
|---|---|
| Name | |
| Firm | |
| Address | |
| Phone | |

| PETITIONER'S COUNSEL | |
|---|---|
| Name | |
| Firm | |
| Address | |
| Phone | |

| RESPONDENT'S COUNSEL | |
|---|---|
| Name | |
| Firm | |
| Address | |
| Phone | |

## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | DAVID H. COAR | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 07 C 7099 | **DATE** | 2/27/2008 |
| **CASE TITLE** | Talmon Hegwood, Jr. (#2008-0010492 or #2008-0000766) v. Carol Mills | | |

**DOCKET ENTRY TEXT:**

The plaintiff's motion for leave to proceed *in forma pauperis* [#3] is granted. The initial partial filing fee is waived. However, the complaint is dismissed pursuant to 28 U.S.C. § 1915A for failure to state a claim. The case is terminated. All other pending motions are denied as moot. The trust fund officer at the plaintiff's place of incarceration is authorized to make deductions from the plaintiff's account and payments to the clerk of court as stated herein. The clerk is directed to mail a copy of this order to the Supervisor of Inmate Trust Fund Accounts, Cook County Department of Corrections Administrative Office, Division V, 2700 S. California, Chicago, Illinois 60608. This is one of the plaintiff's three allotted dismissals under 28 U.S.C. § 1915(g).

■ [**For further details see text below.**]  Docketing to mail notices.

### STATEMENT

The plaintiff, Talmon Hegwood, Jr. (#2008-0000766 or #2008-0010492), has filed this 42 U.S.C. § 1983 suit, naming 10 defendants and challenging the revocation of his probation. The plaintiff asserts that: officers falsely testified at a hearing to revoke plaintiff's probation; other officers refused to investigate his claims that he was falsely imprisoned; and there was a conspiracy to keep him incarcerated. Although the plaintiff did not inform the court, the court has learned that, since the time the plaintiff filed the instant complaint, he has been released from Cook County Jail and re-incarcerated. Nevertheless, because the plaintiff was incarcerated at the time he filed this suit, the *in forma pauperis* requirements of 28 U.S.C. § 1915 apply.

The court finds that the plaintiff is unable to prepay the filing fee and grants his motion for leave to proceed *in forma pauperis*. According to the statement submitted with his *in forma pauperis* application, the plaintiff has neither available funds nor means to pay the initial partial filing fee otherwise required by § 1915(b)(1). As § 1915(b)(4) states that a prisoner not be prohibited from bringing suit because of an inability to pay, the initial partial filing fee is waived. The trust fund officer at the plaintiff's current place of confinement is ordered to collect monthly payments from the plaintiff's trust fund account in the amount of 20% of the preceding month's income credited to the account. Monthly payments collected from the trust fund account shall be forwarded to the clerk of court each time the account balance exceeds $10 until the full $350 filing fee is paid. Separate deductions and payments shall be made with respect to each action or appeal filed by the plaintiff. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, IL 60604, 20th floor, and shall clearly identify the plaintiff's name and the case number of this action. The plaintiff shall remain responsible for the filing fee, even if he is transferred or released.
**(CONTINUED)**

isk

**STATEMENT (continued)**

Although the plaintiff may proceed *in forma pauperis*, a preliminary review of his complaint reveals that it must be dismissed for failure to state a claim. *See* 28 U.S.C. § 1915A (a court must conduct an initial review of a complaint filed by an inmate and dismiss the complaint, or any claim therein, if it is frivolous or malicious, seeks monetary relief against a defendant immune from such relief, or fails to state a claim upon which relief may be granted). Plaintiff's complaint alleges that officers falsely testified at a hearing to revoke plaintiff's probation and that other officers failed to investigate his claims of innocence. Even assuming that the plaintiff's allegations are true, they fail to state a claim upon which this court may grant relief.

To the extent the plaintiff seeks release from incarceration, he cannot seek such relief in a § 1983 civil rights action, and his only avenue for federal relief lies in habeas. *Savory v. Lyons*, 469 F.3d 667, 671 (7th Cir. 2006); *Cochran v. Buss*, 381 F.3d 637, 639 (7th Cir. 2004); *see also Moore v. Pemberton*, 110 F.3d 22, 24 (7th Cir. 1997) (a court may not convert a § 1983 suit into a petition for habeas relief). Furthermore, given that the plaintiff was released from incarceration after he filed the instant complaint, his request for such relief may be moot. *See Cochran*, 381 F.3d at 641. To the extent the plaintiff seeks § 1983 relief for his incarceration, he must first demonstrate that the judgment ordering his incarceration has been reversed or invalidated in some way. *Heck v. Humphrey*, 512 U.S. 477, 484 (1994); *Reynolds v. Jamison,* 488 F.3d 756, 766 (7th Cir. 2007). The court further notes that, apart from either seeking habeas relief in a civil rights action or prematurely seeking § 1983 relief for a judgment of incarceration not yet invalidated, plaintiff's assertions do not state valid claims for federal relief. *See Newsome v. McCabe,* 256 F.3d 747, 750-52 (7th Cir.2001) (malicious prosecution is not a cognizable § 1983 claim if the state affords available relief, which Illinois does); *see also Davis v. Hall*, 375 F.3d 703, 716-17 (8th Cir. 2004) (*citing Baker v. McCollan*, 443 U.S. 137, 145-46(1979) (there is no constitutional duty to investigate claims of innocence after a valid arrest warrant has been issued).

Accordingly, the Court dismisses plaintiff's current complaint. for failure to state a claim upon which relief may be granted. The dismissal of this case counts as a strike under 28 U.S.C. § 1915(g). The plaintiff is warned that if a prisoner has had a total of three federal cases or appeals dismissed as frivolous, malicious, or failing to state a claim, he may not file suit in federal court without prepaying the filing fee unless he is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g).

If the plaintiff wishes to appeal this dismissal, he may file a notice of appeal with this Court within 30 days of the entry of judgment. Fed. R. App. P. 4(a)(4). A motion for leave to appeal *in forma pauperis* should set forth the issues the plaintiff plans to present on appeal. *See* Fed. R. App. P. 24(a)(1)©. If the plaintiff does choose to appeal, he will be responsible to pay $455 appellate filing fee irrespective of the outcome of the appeal. *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998). Furthermore, if the appeal is found to be non-meritorious, the plaintiff may also accumulate another strike.

Dated: 2/27/2008            /s/David H. Coar
                            David H. Coar, U.S. District Judge

# United States District Court

## Northern District of Illinois

**Eastern Division**

Talmon Hegwood, Jr.            **JUDGMENT IN A CIVIL CASE**

       v.                                               Case Number: 07 C 7099

Carol Mills

☐      Jury Verdict. This action came before the Court for a trial by jury. The issues have been tried and the jury rendered its verdict.

■      Decision by Court. This action came to trial or hearing before the Court. The issues have been tried or heard and a decision has been rendered.

IT IS HEREBY ORDERED AND ADJUDGED that the plaintiff's motion for leave to proceed *in forma pauperis* [#3] is granted. The initial partial filing fee is waived. However, the complaint is dismissed pursuant to 28 U.S.C. § 1915A for failure to state a claim. All other pending motions are denied as moot. The trust fund officer at the plaintiff's place of incarceration is authorized to make deductions from the plaintiff's account and payments to the Clerk of Court.

The case is terminated.

                                                      Michael W. Dobbins, Clerk of Court

Date: 2/27/2008                                _____

                                                   /s/ Patricia McQurter-Figgs, Deputy Clerk

APPEAL, MASON, PC, TERMED

# United States District Court
## Northern District of Illinois – CM/ECF LIVE, Ver 3.1.3 (Chicago)
### CIVIL DOCKET FOR CASE #: 1:07–cv–07099
*Internal Use Only*

Hegwood v. Mills et al  
Assigned to: Honorable David H. Coar  
Cause: 42:1983 Prisoner Civil Rights

Date Filed: 02/27/2008  
Date Terminated: 02/27/2008  
Jury Demand: None  
Nature of Suit: 555 Civil Rights (Prison Condition)  
Jurisdiction: Federal Question

**Plaintiff**

**Talmon Hegwood, Jr**     represented by     **Talmon Hegwood, Jr**  
#2008–0010492  
Cook County Jail  
P.O. Box 089002  
Chicago, IL 60608  
PRO SE

V.

**Defendant**

**Carol Mills**  
*Stateville correctional center*

**Defendant**

**Susan Suggs**  
*Taylorville Correctional Center*

**Defendant**

**Roger E. Walker**

**Defendant**

**A Faulkner**

**Defendant**

**T Bradley**

**Defendant**

**2 Unknown Chicago Police Officers**

**Defendant**

**City of Chicago**

**Defendant**

**Jode Weiss**

**Defendant**

**Bennett Hegwood**

**Defendant**

**Celestine Hegwood**

**Service List**     represented by

**Illinois Department of Corrections**
100 West Randolph, Suite 4–200
Chicago, IL 60601
*ATTORNEY TO BE NOTICED*

**Prisoner Correspondence – Internal Use Only**
Email: Prison1_ILND@ilnd.uscourts.gov
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 12/18/2007 | 1 | RECEIVED Complaint and 6 copies by Talmon Hegwood, Jr. (tlm) (Entered: 12/19/2007) |
| 12/18/2007 | 2 | CIVIL Cover Sheet. (tlm) (Entered: 12/19/2007) |
| 12/18/2007 | 3 | APPLICATION by Plaintiff Talmon Hegwood, Jr for in forma pauperis and financial affidavit. (tlm) (Entered: 12/19/2007) |
| 12/18/2007 | 4 | POST MARKED envelope for initiating document by Talmon Hegwood, Jr (Document not scanned) (aew, ) (Entered: 12/20/2007) |
| 01/17/2008 | 5 | NOTICE by Talmon Hegwood, Jr of Change of Address (Attachment). (tlm) (Entered: 01/23/2008) |
| 02/05/2008 | 6 | LETTER by Talmon Hedgewood to clerk dated 1/29/08 (Exhibits). (tlm) (Entered: 02/08/2008) |
| 02/27/2008 | 7 | MINUTE entry before Judge David H. Coar: Plaintiff's motion for leave to proceed in forma pauperis 3 is granted. The initial partial filing fee is waived. However, the complaint is dismissed pursuant to 28 U.S.C. Section 1915A for failure to state a claim. The case is terminated. All other pending motions are denied as moot. The trust fund officer at the plaintiff's place of incarceration is authorized to make deductions from the plaintiff's account and payments to the clerk of court as stated herein. The Clerk is directed to mail a copy of this order to the Supervisor of Inmate Trust Fund Accounts, Cook County Department of Corrections Administrative Office, Division V, 2700 S. California, Chicago, Illinois 60608. This is one of the plaintiff's three allotted dismissals under 28 U.S.C. Section 1915(g). Civil case terminated. Mailed notice (tlm) (Entered: 02/28/2008) |
| 02/27/2008 | 8 | ENTERED JUDGMENT. Mailed notice (tlm) Modified on 4/5/2008 (tlm). (Entered: 02/28/2008) |
| 02/28/2008 | | MAILED copies of the 02/27/08 Order to the plaintiff, Trust Fund Officer and to the Illinois department of Corrections. (tlm) (Entered: 02/28/2008) |
| 03/12/2008 | 10 | (Court only) INMATE Installment Payment in the amount of $ 7.48 paid on 3/12/08, receipt number 10727342. (ef, ) (Entered: 03/19/2008) |
| 03/14/2008 | 9 | MOTION by Plaintiff Talmon Hegwood, Jr to vacate judgment 8 or in the alternative request for leave to appeal in forma pauperis. (Exhibits). (ef, ) (Entered: 03/18/2008) |
| 03/18/2008 | 11 | MOTION by Plaintiff Talmon Hegwood, Jr for leave to appeal in forma pauperis. (Exhibits). (ef, ) (Entered: 03/21/2008) |
| 03/24/2008 | 12 | MINUTE entry before Judge Honorable David H. Coar:MOTION by Plaintiff Talmon Hegwood, Jr to vacate judgment or in the alternative request for leave to appeal in forma pauperis is denied. MOTION 11 by Plaintiff Talmon Hegwood, Jr for leave to appeal in forma pauperis 11 is granted. Mailed notice (pm, ) (Entered: 03/24/2008) |
| 04/04/2008 | 13 | NOTICE of appeal by Talmon Hegwood, Jr regarding orders 8 , 7 ifp granted. (air, ) (Entered: 04/08/2008) |