## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | David H. Coar | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 07 C 7099 | **DATE** | April 21, 2008 |
| **CASE TITLE** | Talmon Hegwood, Jr. (#2008-0010492) v. Carol Mills | | |

**DOCKET ENTRY TEXT:**

Plaintiff's recent motions [9], [11] are construed as a notice of appeal. The clerk shall docket the notice of appeal nunc pro tunc as of 3/24/08. On its own motion, the Court vacates the part of its 3/24/08 order that granted plaintiff *in forma pauperis* status for his appeal. The Court certifies that the appeal is not taken in good faith, as well as barred by 28 U.S.C. § 1915(g), and orders plaintiff to pay the appellate fees of $455 within 14 days or the Court of Appeals may dismiss his appeal for want of prosecution. The clerk is directed to send a copy of this order to Elizabeth Hudson, Supervisor of Inmate Trust Fund Accounts, Cook County Dept. of Corrections Administrative Office, Division V, 2700 S. California, Chicago, IL 60608, and the PLRA Attorney, U.S. Court of Appeals.

■   [**For further details see text below.**]      Docketing to mail notices.

### STATEMENT

    Plaintiff Talmon Hegwood, Jr. (#2008-0010492), filed a motion to vacate this Court's February 27, 2008 judgment dismissing his case. The motion was filed within 10 days of the judgment. Plaintiff's motion seeks either to vacate the judgment or to proceed *in forma pauperis* on appeal. That motion, as well as plaintiff's supplement to his motion to proceed *in forma pauperis*, evince an intent to appeal. Accordingly, the Court construes these pleadings as a notice of appeal, which became effective upon the Court's denial of the post-judgment motion. *See* Fed. R. App. P. 4(a)(4); *Smith v. Barry*, 502 U.S. 244, 248-49 (1992). The clerk shall docket plaintiff's March 14, 2008 motion as a notice of appeal.

    On the Court's own motion, however, the portion of its March 24, 2008 order granting plaintiff *in forma pauperis* status for his appeal is vacated. For the reasons stated in the Court's February 27, 2008 order, the Court certifies that plaintiff's appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3); *see also Moran v. Sondalle*, 218 F.3d 647, 650 (7th Cir. 2000) (when a suit is dismissed as frivolous, an ensuing appeal is generally considered to be not in good faith under § 1915(a)(3)). Also, further review of plaintiff's prior filings reveals that at least four of his cases have been dismissed for failure to state a claim and that plaintiff has thus "struck out" under 28 U.S.C. § 1915(g). *See Hegwood v. MacInnis*, No. 93-429 (S.D. Miss.) (Order of March 9, 1994) (Judge Lee); *see also* Northern District of Illinois cases No. 82-5515 (Order of 10/1/82) (Judge Bua); No. 86-4471 (Order of 6/7/86) (Judge Rovner); No. 87-9763 (Order of 11/3/87) (Judge Marshall). Plaintiff has made no showing that he is imminent danger of serious physical injury to allow him to proceed *in forma pauperis* on appeal, even if the appeal is in good faith. *See* § 1915(g).
**(CONTINUED)**

isk

**STATEMENT (continued)**

Accordingly, plaintiff must pay the full $455 within 14 days or the Court of Appeals may dismiss his appeal for want of prosecution. *See Newlin v. Helman*, 123 F.3d 429, 434 (7th Cir. 1997), *overruled on other grounds by Lee v. Clinton*, 209 F.3d 1025 (7th Cir. 2000), and *Walker v. O'Brien*, 216 F.3d 626 (7th Cir. 2000). If plaintiff wishes to contest this Court's denial of *in forma pauperis* status for his appeal, he must file a motion with the Court of Appeals seeking review of this order within 30 days after service of the order. *See* Fed. R. App. P. 24(a).

In sum, plaintiff's motion for leave to appeal *in forma pauperis* is denied. Plaintiff is ordered to remit to the Clerk of the Court the $455 appellate fee within fourteen days of the date of this order. If plaintiff fails to comply with this order, the Court of Appeals may dismiss his appeal. Plaintiff is responsible for ensuring payment of the filing fees as directed by this order, and should ensure that the institution having custody of him transmits the necessary funds. Nonpayment for any reason other than destitution shall be construed as a voluntary relinquishment of the right to file future suits *in forma pauperis*. *Thurman v. Gramley*, 97 F.3d 185, 188 (7th Cir. 1996). The obligation to ensure full payment of the filing fees imposed by this order shall not be relieved by release or transfer to another prison. Plaintiff is under a continuing obligation to inform the Clerk of this Court in writing of any change of address within seven days.

Payment shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor. Payment should clearly identify plaintiff's name, as well as the district court and appellate court case numbers assigned to this action.

The clerk is directed to send a copy of this order to the PLRA Attorney, United States Court of Appeals for the Seventh Circuit.