MHN

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

FILED
3-18-2008
MAR 1 8 2008   MB

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

TALMON HEGWOOD, JR.,        )    (
                            )    (
            Plaintiff,      )    (    CIVIL ACTION
                            )    (
-versus-                    )    (    No. 07 C7099
                            )    (
CAROL MILLS, ET AL.,        )    (    Honorable DAVID H. COAR
                            )    (
            Defendants.     )    (

SUPPLEMENTAL MOTION FOR LEAVE TO PROCEED ON APPEAL IN FORMA PAUPERIS

NOW INTO COURT comes TALMON HEGWOOD, JR., (Hegwood) proceeding pro se and in forma pauperis, and respectfully moves the Court for order which grants Hegwood leave to proceed on appeal in forma pauperis with regards to Hegwood's appeal from the Court's "JUDGMENT IN A CIVIL CASE" copy of which is annexed hereto and made a part hereof as Exhibit A. This motion is being made pursuant to FedR.App.P 24(a)(1) and Fed.R.Civ.P., 59 and 60(b). The grounds for this motion are as follows:

    1. On or about March 11, 2008, Hegwood filed a motion under Fed.R.Civ.P. 60. Hegwood's earlier motion can be treated as a FedR.Civ.P. 59 motion to reconsider the Court's order or "STATEMENT" which dismissed Hegwood's case pursuant to 28 U.S.C. §1915A. In his earlier motion the pro se plaintiff neglected to specify the issues he intends to raise on his appeal, if necessary. The issues Hegwood shall raise on appeal are as follows:

---

    1. Hegwood designated his earlier motion as one under Fed.R.Ci.P. 60 because of the problems he has been experiencing regarding detainess' mail at the Cook County Jail, both legal and general, outgoing and incoming. He did not believe that a motion under Fed.R.Civ.P. 59 would reach the Court within ten (10) days as required by the Rules.

1

a) The District Court erred as a matter of law by holding the hand printed pleadings prepared by the pro se plaintiff and submitted to the Court to the same stringent standards as the formal pleadings drafted by lisensed attorneys;

b) The District Court evidently did not have Hegwood's complete complaint which numbers in excess of twentyeight (28) pages;

c) The District Court erred as a matter of law by concluding that Hegwood's claim that he was arrested and held in a mental hospital during the memorial day weekend did not state a claim upon which relief could be granted. Just recently the Gary Chief of Police was indicted for failing to take an arrestee before a Judge or magistrate within fourtyeight (48) hours.

WHEREFORE, the pro se plaintiff prays for the relief to which he may be entitled and for such other and further relief as to the Court seems just, proper and equitable.

Respectfully submitted,

_____
TALMON HEGWOOD, JR. pro se
#20080010492 Division 8
Post Office box 089002
Chicago, Illinois 6-6-8

Chicago, Illinois, this the 11th day of March, 2008.

SUBSCRIBED AND SWORN TO before me, this the 11 day of March, 2008

_____
NOTARY PUBLIC

"OFFICIAL SEAL"
TERESA D. JONES
Notary Public, State of Illinois
My Commission Expires November 5, 2011

-2-

Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | DAVID H. COAR | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 07 C 7099 | **DATE** | 2/27/2008 |
| **CASE TITLE** | Talmon Hegwood, Jr. (#2008-0010492 or #2008-0000766) v. Carol Mills | | |

**DOCKET ENTRY TEXT:**

The plaintiff's motion for leave to proceed *in forma pauperis* [#3] is granted. The initial partial filing fee is waived. However, the complaint is dismissed pursuant to 28 U.S.C. § 1915A for failure to state a claim. The case is terminated. All other pending motions are denied as moot. The trust fund officer at the plaintiff's place of incarceration is authorized to make deductions from the plaintiff's account and payments to the clerk of court as stated herein. The clerk is directed to mail a copy of this order to the Supervisor of Inmate Trust Fund Accounts, Cook County Department of Corrections Administrative Office, Division V, 2700 S. California, Chicago, Illinois 60608. This is one of the plaintiff's three allotted dismissals under 28 U.S.C. § 1915(g).

■ [For further details see text below.]

Docketing to mail notices.

## STATEMENT

The plaintiff, Talmon Hegwood, Jr. (#2008-0000766 or #2008-0010492), has filed this 42 U.S.C. § 1983 suit, naming 10 defendants and challenging the revocation of his probation. The plaintiff asserts that: officers falsely testified at a hearing to revoke plaintiff's probation; other officers refused to investigate his claims that he was falsely imprisoned; and there was a conspiracy to keep him incarcerated. Although the plaintiff did not inform the court, the court has learned that, since the time the plaintiff filed the instant complaint, he has been released from Cook County Jail and re-incarcerated. Nevertheless, because the plaintiff was incarcerated at the time he filed this suit, the *in forma pauperis* requirements of 28 U.S.C. § 1915 apply.

The court finds that the plaintiff is unable to prepay the filing fee and grants his motion for leave to proceed *in forma pauperis*. According to the statement submitted with his *in forma pauperis* application, the plaintiff has neither available funds nor means to pay the initial partial filing fee otherwise required by § 1915(b)(1). As § 1915(b)(4) states that a prisoner not be prohibited from bringing suit because of an inability to pay, the initial partial filing fee is waived. The trust fund officer at the plaintiff's current place of confinement is ordered to collect monthly payments from the plaintiff's trust fund account in the amount of 20% of the preceding month's income credited to the account. Monthly payments collected from the trust fund account shall be forwarded to the clerk of court each time the account balance exceeds $10 until the full $350 filing fee is paid. Separate deductions and payments shall be made with respect to each action or appeal filed by the plaintiff. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, IL 60604, 20th floor, and shall clearly identify the plaintiff's name and the case number of this action. The plaintiff shall remain responsible for the filing fee, even if he is transferred or released.
(CONTINUED)

isk

## STATEMENT (continued)

Although the plaintiff may proceed *in forma pauperis*, a preliminary review of his complaint reveals that it must be dismissed for failure to state a claim. *See* 28 U.S.C. § 1915A (a court must conduct an initial review of a complaint filed by an inmate and dismiss the complaint, or any claim therein, if it is frivolous or malicious, seeks monetary relief against a defendant immune from such relief, or fails to state a claim upon which relief may be granted). Plaintiff's complaint alleges that officers falsely testified at a hearing to revoke plaintiff's probation and that other officers failed to investigate his claims of innocence. Even assuming that the plaintiff's allegations are true, they fail to state a claim upon which this court may grant relief.

To the extent the plaintiff seeks release from incarceration, he cannot seek such relief in a § 1983 civil rights action, and his only avenue for federal relief lies in habeas. *Savory v. Lyons*, 469 F.3d 667, 671 (7th Cir. 2006); *Cochran v. Buss*, 381 F.3d 637, 639 (7th Cir. 2004); *see also Moore v. Pemberton*, 110 F.3d 22, 24 (7th Cir. 1997) (a court may not convert a § 1983 suit into a petition for habeas relief). Furthermore, given that the plaintiff was released from incarceration after he filed the instant complaint, his request for such relief may be moot. *See Cochran*, 381 F.3d at 641. To the extent the plaintiff seeks § 1983 relief for his incarceration, he must first demonstrate that the judgment ordering his incarceration has been reversed or invalidated in some way. *Heck v. Humphrey*, 512 U.S. 477, 484 (1994); *Reynolds v. Jamison*, 488 F.3d 756, 766 (7th Cir. 2007). The court further notes that, apart from either seeking habeas relief in a civil rights action or prematurely seeking § 1983 relief for a judgment of incarceration not yet invalidated, plaintiff's assertions do not state valid claims for federal relief. *See Newsome v. McCabe*, 256 F.3d 747, 750-52 (7th Cir.2001) (malicious prosecution is not a cognizable § 1983 claim if the state affords available relief, which Illinois does); *see also Davis v. Hall*, 375 F.3d 703, 716-17 (8th Cir. 2004) (citing *Baker v. McCollan*, 443 U.S. 137, 145-46(1979) (there is no constitutional duty to investigate claims of innocence after a valid arrest warrant has been issued).

Accordingly, the Court dismisses plaintiff's current complaint, for failure to state a claim upon which relief may be granted. The dismissal of this case counts as a strike under 28 U.S.C. § 1915(g). The plaintiff is warned that if a prisoner has had a total of three federal cases or appeals dismissed as frivolous, malicious, or failing to state a claim, he may not file suit in federal court without prepaying the filing fee unless he is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g).

If the plaintiff wishes to appeal this dismissal, he may file a notice of appeal with this Court within 30 days of the entry of judgment. Fed. R. App. P. 4(a)(4). A motion for leave to appeal *in forma pauperis* should set forth the issues the plaintiff plans to present on appeal. *See* Fed. R. App. P. 24(a)(1)©. If the plaintiff does choose to appeal, he will be responsible to pay $455 appellate filing fee irrespective of the outcome of the appeal. *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998). Furthermore, if the appeal is found to be non-meritorious, the plaintiff may also accumulate another strike.

Dated: 2/27/2008

/s/David H. Coar
David H. Coar, U.S. District Judge

AO 450(Rev. 5/85)Judgment in a Civil Case

# United States District Court
## Northern District of Illinois
### Eastern Division

Talmon Hegwood, Jr.    **JUDGMENT IN A CIVIL CASE**

v.

                                              Case Number: 07 C 7099

Carol Mills

☐ Jury Verdict. This action came before the Court for a trial by jury. The issues have been tried and the jury rendered its verdict.

■ Decision by Court. This action came to trial or hearing before the Court. The issues have been tried or heard and a decision has been rendered.

IT IS HEREBY ORDERED AND ADJUDGED that the plaintiff's motion for leave to proceed *in forma pauperis* [#3] is granted. The initial partial filing fee is waived. However, the complaint is dismissed pursuant to 28 U.S.C. § 1915A for failure to state a claim. All other pending motions are denied as moot. The trust fund officer at the plaintiff's place of incarceration is authorized to make deductions from the plaintiff's account and payments to the Clerk of Court.

The case is terminated.

                                                  Michael W. Dobbins, Clerk of Court

Date: 2/27/2008

                                                  /s/ Patricia McQurter-Figgs, Deputy Clerk